BEFORE THE FIRST DIVISION, OCTOBER 1, 1952

**No. 56881.**—George Lewbel and John L. Westland & Son *v.* United States, protest 164615–K (Los Angeles).

OLIVER, Chief Judge: The merchandise in this case consists of certain rattan baskets which were assessed for duty at the rate of 70 per centum ad valorem under paragraph 1513, Tariff Act of 1930, as "toys." They are claimed properly dutiable at the rate of 45 per centum ad valorem under paragraph 409 of the same act as "articles not specially provided for, wholly or partly manufactured of rattan."

The pertinent provisions of the paragraphs in question are as follows:

PAR. 1513. * * * and all other toys, and parts of toys, not specially provided for, 70 per centum ad valorem. As used in this paragraph the term "toy" means an article chiefly used for the amusement of children, whether or not also suitable for physical exercise or for mental development.

PAR. 409. * * * all articles not specially provided for, wholly or partly manufactured of rattan, bamboo, osier or willow, 45 per centum ad valorem.

At the trial, Conrad Lewbel, the brother of the importer, George Lewbel, testified that he had handled all of the importer's business since 1942. The record discloses that while in Hong Kong the importer had forwarded to the witness a rattan basket with a request that it be submitted to the florist trade for purposes of sale. It appears that this basket had curved pieces of rattan in the length and could be rocked. Upon submission of this basket to the trade, the witness was informed that the article could not be used by florists because it rocked, and it was suggested that a correction be made so that the article would remain flat, inasmuch as it was necessary that florists put a container in the basket with water and flowers (R. 3). The witness stated that he had thereupon advised the importer that the basket could be sold to the trade if the cradles were eliminated and straight pieces put across so that it would stand flat. Subsequently, the witness received from the importer a shipment of baskets of the latter nature which were submitted to the florist trade and approved for sale. A sample

is before us (exhibit 1). It is a woven rattan basket, measuring about 11 inches in length and 8 inches in width, with a hood effect at one end. In appearance, it roughly resembles a crib. Inasmuch as the importing firm was not in a position to sell these articles to individual florists, but only in bulk, all of this merchandise, amounting to 2,000 baskets, was sold to the Yung Shun Lace Co., a jobber, with the request that this company sell the goods only to the florist trade. The witness further testified that his firm had never sold such baskets to any one other than the company above mentioned. He had seen these baskets used in various florist shops where a metal container is placed in the baskets, flowers put in, and then a gift card attached. He stated that such articles were used as gift baskets on anniversary occasions and that he had never seen the baskets used in any other way (R. 6). On cross-examination, the witness stated that this particular shipment of baskets was the only one made by his firm.

Mr. Liu, manager of the Yung Shun Lace Co., to whom these baskets were sold by the importer, testified that he endeavored to make sales to flower shops and that he did, as a matter of fact, dispose of a number of them to such customers, as indicated by six invoices of his company covering sales to flower shops during 1949. He testified that he had made no sales to any one else and that he had personally made the sales and personally had delivered 1,000 of these baskets, or 50 per centum of the shipment, by hand truck to flower shops (R. 13).

No testimony was introduced by the defendant in support of the collector's classification. It was stipulated at the trial, however, between counsel for the respective parties that the component parts of these baskets consist of rattan (R. 17).

In order to hold that the rattan baskets here under consideration are properly dutiable, as assessed, under paragraph 1513, Tariff Act of 1930, as "toys," it must appear that they are chiefly used for the amusement of children. In this connection, the presumption of correctness attaching to the classification of the collector cannot be regarded as having evidentiary value and cannot be weighed against the evidence produced on the trial. *Marshall Field & Co.* v. *United States*, 20 C. C. P. A. (Customs) 225, T. D. 46037. Our appellate court has held that "the uncontradicted and unimpeached testimony of a single competent and credible witness may be sufficient to overcome the presumption in support of the collector's assessment and establish a *prima facie* case in favor of the protestant." See *United States* v. *Gardel Industries*, 33 C. C. P. A. (Customs) 118, C. A. D. 325, and cases cited. In the case at bar, the testimony of the plaintiffs' witnesses establishes that these baskets were sold to flower shops as containers for flowers, the complete articles being used as gift baskets. This proof has not been rebutted nor contradicted by the defendant in any way and indicates *prima facie* that these baskets are chiefly used for the purpose stated by plaintiffs' witnesses. Plaintiffs have thus overcome the presumption of correctness attaching to the collector's classification and have made out a *prima facie* case in support of their protest. This is sufficient for the importer to prevail. (*United States* v. *Abercrombie & Fitch Co.*, 20 C. C. P. A. (Customs) 267, T. D. 46060.)

On this record, we hold that the rattan baskets at bar are properly dutiable, as claimed, at the rate of 45 per centum ad valorem under paragraph 409, Tariff Act of 1930, as "articles not specially provided for, wholly or partly manufactured of rattan." The protest is sustained. Judgment will be rendered accordingly.